𝒪

1610 Young Road-Final
Lithonia, Georgia

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

**AT THE United States District Court**
**STATE OF GEORGIA,   ATLANTA DIVISION**

MAR 1 1 2016

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk



JANETTE P. BOWEN, EXECUTOR OFFICE OF BOWEN ESTATE

PLAINTIFF                    CASE NO. **1: 16 - CV - 0799**

All other homeowners in Georgia violated by OCWEN LOAN SERVICING

Vs.

RON FARRIS  dba OCWEN FINANCIAL CORPORATION

WILBUR ROSS dba  AMERICAN HOME MORTAGE SERVICING.

DAVE  APPLEGATE, dba  HOMEWARD RESIDENTIAL

OCWEN LOAN SERVICING, LLC, foreign entity

MICHELLE DONATO dba Ocwen Loan Servicing, LLC

WELLS FARGO BANK, N.A. as trustee for Option ONE Mortgage Loan Trust 2006-1 Asset-
Back Certificates, Series 2006-1, WITHOUT RECOURSE

ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE,
ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT
ADVERSE TO PLAINTIFFS' TITLE, OR ANY CLOUD ON PLAINTIFFS' TITLE
THERETO; and DOES 1-20, INCLUSIVE,

**VERIFIED COMPLAINT FOR**

**DECLARATORY AND INJUNCTIVE**

DEMAND FOR TRIAL BY JURY

**RELIEF AND DAMAGES FROM**

**RACKETEERING, CONSPIRACY**

**AND RELATED CLAIMS;**

**LACK OF STANDING TO FORECLOSE**
**FRAUD IN CONCEALMENT**
**FRAUD IN INDUCEMENT**
**VIOLATION OF FDCPA**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**QUIET TITLE**
**SLANDER OF TITLE**
DECLATORY RELIEF

Plaintiffs hereby allege as follows:

Page 1

1610 Young Road-Final
Lithonia, Georgia

## GENERAL ALLEGATIONS

1. Defendants knowingly use fraudulent assignments.

"In a mortgage foreclosure action, a plaintiff has standing where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced" (*Bank of N.Y. v Silverberg,* 86 AD3d 274, 279; *see Countrywide Home Loans, Inc. v Gress,* 68 AD3d 709). Defective Docs were used in an attempt to foreclose on plaintiffs equity. Said contents prove a lacks standing by Defendants and has no legal capacity to sue/foreclose (inclusive of non-Judicial action) because the first and second assignments are void, since there was an **improper chain of assignments and ro-bo signing documents.**

2. The assignment of a mortgage is not the same as an assignment of the note. If a person is trying to establish it is a noteholder in due course who has the rights of a holder it must bear the burden of establishing its status as a note holder in possession with the rights of a holder. Defendant must establish delivery of the note as well as the purpose of that delivery. In the present case, it appears Wells Fargo Bank N.A. (TRUSTEE) is trying to use the assignment of mortgage in order to establish the purpose of delivery. Such a failed delivery into OPTION ONE 'TRUST" has a 90 requirement from date of closing 10/06/2005. The assignment of mortgage purports to transfer "the following described mortgage, securing the payment of a certain promissory note(s) for the sum listed below, together with all rights therein and thereto, all liens created or secured thereby, all obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such mortgage." This language has been determined by other jurisdictions to not effect an assignment of a note but to be useful only in identifying the mortgage. Therefore, this language is neither proof of transfer of the note nor proof of the purpose of any alleged transfer."

## PARTIES

3.     Defendant Ocwen Loan Servicing, LLC   headquarters is 1661 Worthington Rd

#100 West Palm Beach, FL, 33409 United States, and at all times herein mentioned was, a

Delaware limited liability company, organized and existed under the laws of the State of Florida

, doing business in state of Georgia.

3. Defendant Wells Fargo Bank, National Association, as Indenture Trustee, on Behalf of

1610 Young Road-Final
Lithonia, Georgia

the Holders of the Option One Mortgage Loan Trust 2006-1 Asset-Backed Securities, Series 2006-1, Without Recourse ("Wells Fargo. Bank") is, and at all times herein mentioned was, a business entity of unknown form, organized as trust business in New York, New York.

4. Defendant Wilbur L Ross, Founder & CEO of WL Ross & Co. acquired platform combinations of Homeward Resident, American Home Mortgage Servicing, Option one Mortgage Company with definitive documents that provided representation, warranties and covenants for loss-sharing and pre-closing liabilities.

5. Defendant Ron Farris doing business as Ocwen Financial Corporation supported operations and a responsible party in the acquisition provisions with Homeward Residential, American Home Mortgage Servicing and Option One Mortgage.

6. Defendant Dave Applegate doing business as HOMEWARD RESIDENTIAL that "committed the corporate culture and standards between these Defendant businesses were very compatible."

7. Defendant Michelle Donato is a broker owner of a real estate company licensed in Florida, gave her signature with Georgia Secretary of State to be Manager for Ocwen Loan Servicing, registered agent listed at **120 South Central Avenue Suite 400 Clayton**, **Missouri 63105**.

8. "All Persons Unknown, Claiming Any Legal Or Equitable Right, Title, Estate, Lien, Or Interest In The Property Described In The Complaint Adverse To Plaintiffs' Title, Or Any Cloud On Plaintiffs' Title Thereto" are sued herein pursuant to Federal Code of Civil Procedure.

9. Plaintiffs do not know the true names and capacities of the defendants sued herein as

1610 Young Road-Final
Lithonia, Georgia

DOES 1 through 20 ("DOE Defendants"), inclusive, and therefore sues said DOE Defendants by

fictitious names. Plaintiffs are informed and believe and based on such information and belief

aver that each of the DOE Defendants is contractually, strictly, negligently, intentionally,

vicariously liable and or otherwise legally responsible in some manner for the acts and omi

ssions described herein. Plaintiffs will amend this Complaint to set forth the true names and

capacities of each DOE Defendant when same are ascertained.

10. Plaintiffs are informed and believe and based on such information and belief allege that

   Defendants WELLS FARGO Bank TRUSTEE , OCWEN and DOE Defendants 1

   through 10, inclusive, and each of them, are and at all material times have been, the

   agents, servants or employees of each other, purporting to act within the scope of said

   agency, service or employment in performing the acts and omitting to act as alleged

   herein. WELLS FARGO Bank, OCWEN, ROSS, DONATO,  and DOE Defendants 6

   through 10, inclusive, are hereinafter collectively referred to as the "Aiding & Abetting

   Defendants."

11.      Each of the Defendants named herein are believed to, and are alleged to have

   been acting in concert with, as employee, agent, co-conspirator or member of a joint

   venture, of each of the other Defendants, and are therefore alleged to be jointly and

   severally liable for the claims set forth herein, except as otherwise alleged.

12.                          BACKGROUND

13. Prior to October 13, 2005. Plaintiffs purchased certain real property commonly known as

   1610 Young Road, Lithonia, Georgia  (the "Subject Property").

14. On or about October 13, 2005, Plaintiffs Property issued a promissory note in amount of

   $232,000 in favor of OPTION ONE MORTGAGE CORPORATION,  later discovered to

1610 Young Road-Final
Lithonia, Georgia

be a pretender lender, also doing business as H & R BLOCK MORTGAGE.  OPTION

ONE MORTGAGE CORPORATION in the state of Georgia was a licensed but

withdrew in 2008.

15.      Plaintiffs made each payment due according to the mortgage contract.

16.  On or about, 2010, due to illness, Plaintiff reorganized under a US Bankruptcy chapter

13 and made payments for 2.5 years with no credit from the Servicer.

17.  In 2012, the bankruptcy chapter 13 was converted to a US Bankruptcy Chapter 7, and

the mortgage was discharged without proof of claim or challenge.

## JURISDICTION

This  district courts shall have original jurisdiction of all civil actions where the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

between— **(1)** citizens of different States   See 28 U.S.C. § 1332(a)

. .

## FIRST CAUSE OF ACTION FOR

## NEGLIGENCE

18. Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through

17, inclusive, as though fully set forth herein.

19.      At all times relevant herein, the RICO Defendants, acting as Plaintiffs' lender and

loan servicer, had a duty to exercise reasonable care and skill to maintain proper and

accurate loan records and to discharge and fulfill the other incidents attendant to the

maintenance, accounting and servicing of loan records, including, but not limited,

accurate crediting of payments made by Plaintiffs.

Page 5

1610 Young Road-Final
Lithonia, Georgia

20. In taking the actions alleged above, and in failing to take the actions as alleged above, the
    Defendants breached their duty of care and skill to Plaintiffs in the servicing of Plaintiffs'
    loan by, among other things, failing to properly and accurately credit payments made by
    Plaintiffs toward the loan, preparing and filing false documents, and RICO on the Subject
    Property without having the legal authority and/or proper documentation to do so.

21. As a direct and proximate result of the negligence and carelessness of the Defendants as
    set forth above, Plaintiffs suffered general and special damages in an amount to be
    determined at trial.

22.                    **THIRD CAUSE OF ACTION FOR**

                                  **FRAUD**

23. Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through
    21, inclusive, as though fully set forth herein.

24. The Defendants engaged in a pattern and practice of defrauding Plaintiffs in that, during
    the life of the mortgage loan, the Defendants failed to properly credit payments made and
    attempted to foreclosed on the Subject Property based on Plaintiffs' alleged non-payment
    which they knew to be false.

25. The Defendants had actual knowledge that the Plaintiffs' account was not accurate did
    asked for information in multiple QWR(s)  but that the Defendants failed to validate the
    debt in order to  use the inaccuracy to attempt foreclose on the Subject Property which
    had substantial equity, to recover its excessive fees, charges and interest.  Plaintiffs made
    such payments and provided proof of the payments based on the improper, inaccurate,

1610 Young Road-Final
Lithonia, Georgia

and fraudulent representations as to their account. The Defendants also utilized amounts

known to the Defendants to be inaccurate to determine the amount allegedly due and

owing for purposes of foreclosure, even failed to file a proof of claim in Bankruptcy

proceedings.

26. Additionally, the Defendants concealed material facts known to them but not to Plaintiffs

regarding payments, notices, assignments, transfers, late fees and charges with the intent

to defraud Plaintiffs.

27. The   Defendants made the above-referenced false representations, concealments and

non-disclosures with knowledge of the misrepresentations, intending to induce Plaintiffs'

reliance, which the unsuspecting Plaintiffs justifiably relied upon, resulting in damage to

their credit standing, costs and forced into bankruptcy..  Plaintiffs were unaware of the

true facts. See EXHIBIT AFFIDAVIT OF FACTS in analysis of assignments that proves

the fraud.

28.                             FOURTH CAUSE OF ACTION

FRAUD IN THE CONCEALMENT

28.

Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though full set

herein.

29.   Defendants concealed the fact that the loan was securitized and that the loan was

changed in  character of a negotiable instrument into a security; to be sold and divided up

into certificate and  sold into a Trust without disclosure.

30.   Defendant knew or should have known that the Plaintiff would not have entered such

agreement.

Page 7

1610 Young Road-Final
Lithonia, Georgia

31. Defendants intended to induce the Plaintiffs by misrepresentation and improper

disclosure. Plaintiffs relying upon their representation was detrimental. But for the

failure to disclose the true and material terms of the transaction could have alerted him to

issues and concerns that are impact them now.

32. As a direct and proximate result of their misrepresentations and concealment was

damaged at an amount proven at trial. But not limited to the cost of the loan, damage to

their financial security and emotional distress and other costs and fees.

### FIFTH CAUSE OF ACTION

### FRAUD IN THE INDUCEMENT

33. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though full
set herein.

34. Defendants intentionally misrepresented to the Plaintiff that the Defendants were

entitled to exercise the power of sale. Defendants are not entitled to sale the collateral

in foreclosure due to incorrect account numbers and inaccurate amounts.

35. Defendants misrepresented that they are the owner and holder of the Note and

beneficiary of the Security Deed. However this is not true and a misrepresentation as the

Defendants state they sold the Note to the Trust some four years later? SEE EXHIBIT OF

FACTS

### SIXTH CAUSE OF ACTION

### TO VOID OR CANCEL ASSIGNMENT OF SECURITY DEED

35. Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through35

inclusive, as though fully set forth herein.

1610 Young Road-Final
Lithonia, Georgia

36. Under Georgia Code Section 44-14-3, both lenders and servicers can be liable to the borrower/grantor for failure to cancel a security deed within 60 days of full payment. The allonge provided to the Plaintiffs show blank endorsement but note as paid. As a result the Defendants failed to cancel the security deed.

37. There is no evidence of record that establishes that American Home Mortgage (SERVICER) was authorized to assign anything to Wells Fargo Bank N.A. Trustee, as trustee for Option One Mortgage Loan Trust 2006-1 Asset-backed Certificates, series 2006-1, and therefore, the assignment was invalid. Even if the assignment were valid, it was not executed until after four years on 2/17/2009. American Home Mortgage Servicing n became successor-in-interest of Option One Mortgage Corporation in and assigned Wells Fargo Bank N.A.as TRUSTEE **2012**. But Option One Mortgage cease operations in December 2007. .....DISCREPANCIES . Therefore, Defendants standing to enforce the mortgage at the inception of the case was based entirely on the assignment that was signed by RO BO signers. The instrument of the security deed and the note ) on its face identifies Option One Mortgage with no evidence of conveyance. It appears on the face of those exhibits that an entity other than Defendants has standing. The allonge document is blank and therefore does not support or name the Defendants. Defendants lacks standing now based on the substantive deficiencies with an assignment from American Home Mortgage. See EXHIBIT _____

38. The assignment of the Security Deed is invalid, and of no force and effect, for the reasons set forth above including, inter alia, the fact the DEFENDANTS did not have standing or the legal authority to assign the Security Deed again which purportedly secured the Note, and which served as the basis for a claim to have the right to conduct a non-judicial foreclosure. Thus, the assignment of the Security Deed was at all times void.

1610 Young Road-Final
Lithonia, Georgia

39. Plaintiffs are therefore entitled to an order that the Assignment of the Security Deed is void ab initio and cancelling such Assignment.

### SEVENTH CAUSE OF ACTION

### ASSIGNEE NOT CREDITOR

**40.** Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 40, inclusive, as though fully set forth herein.

41. The entity named on the Security Deed is OPTION ONE MORTGAGE. This has not change in the public record to date March, 2016, some eleven years after the Oct. 06, 2005 closing. No other name appears on the document.

42. Georgia law requires that a RICO lender give notice to a homeowner 30 days before RICO.[2] It also requires that this notice correct identify the "secured creditor." In *Reese*, the Court of Appeals of Georgia interpreted this in a technical fashion. It found that notice sent by a loan servicer which did not identify the lender would be "fatal" to the foreclosure: "While a loan servicer may be permitted to send the notice on behalf of the secured creditor, [the servicer's] fatal mistake was in sending a notice that failed to properly identify the secured creditor."

43. Defendant WELLS FARGO BANK N.A. TRUSTEE et.al. purportedly have acquired the security Deed by virtue of an fraudulent and robo signed "Assignment" performed on February 06. 2009, three years after closing of the TRUST in 2006. **Not only was it too late – but the Trust could not accept it pursuant to the REMIC of RFMSI 2006SA4 PSA and as further defined in the Oppenheim Law report. Assignments of Mortgage are public documents.**

Page10

1610 Young Road-Final
Lithonia, Georgia

44.    IN effort to foreclose on the subject property, the defendants agents' tried to correct the fraud, with another FRAUD assignment filed October 29th, 2015, some ten years later. This was alleged done by Sand Canyon Corporation. Option One Mortgage Corporation name changed to Sand Canyon Corporation June 4, 2008.   However this is directly misrepresented by the Servicer as the transfer of Servicing rights had been already given to HOMEWARD RESIDENTIAL on 03/01/2013.   There is no link between the two.

45.   Clearly, these assignments have not evidence that WELLS FARGO BANK N.A. TRUSTEE et. Al actually Is the holder of the notes,    as these TRUSTEES solely represent the certificate holders, with no recourse.

46.   However, the documentation fail to establish that, prior to commencement of the action, the WELLS FARGO BANK, N.A. TRUSTEE et.al. was the holder or assignee of both the note and mortgage. The Defendants submitted copies of two different versions of an undated allonge which was not purportedly  affixed to the original note, blank endorsed  by OPTION ONE MORTGAGE  but not naming  WELLS FARGO BANK, N.A. TRUSTEE et.al as the creditor.

# EIGHT CAUSE  FOR ACTION

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

47..    Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 62 inclusive, as though fully set forth herein.

48.   Under the law in nearly all states, including Georgia, a party to a contract has an implied obligation of good faith and fair dealing. Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement.  This implied covenant of good

1610 Young Road-Final
Lithonia, Georgia

faith and fair dealing requires that no party will do anything that will have the effect of impairing, destroying, or injuring the rights of the other party to receive the benefits of their agreement.

49. The covenant implies that in all contracts each party will do all things reasonably contemplated implies that in all contracts each party will do all things reasonably contemplated by the terms of the contract to accomplish its purpose. This covenant protects the benefits of the contract that the parties reasonably contemplated when they entered into the agreement.

50. Alternatively, if the note and deed of trust was validly and properly assigned to the Defendants, the conspiring Defendants did not act in good faith and did not deal fairly with Plaintiffs in connection with the note and security deed when they refused to properly apply the 2010 to 2012 payments to their loan from US Bankruptcy chapter 13.and thereafter proceed to attempt foreclose on the Subject Property even though Plaintiffs provided proof of payments for the allegedly skipped months and thereafter refused to resolve the mistake with Plaintiffs in an equitable fashion.

61. The Defendants enjoyed substantial discretionary power affecting the rights of Plaintiff during the events alleged in this Complaint. They were required to exercise such power in good faith.

62. The Defendants engaged in such conduct to drive Plaintiffs into foreclosure so that they could acquire the Subject Property with its large equity at a bargain basement price. These actions were a bad faith breach of the contract between Plaintiffs and the Defendants which show

1610 Young Road-Final
Lithonia, Georgia

that they had no intention of performing the contract, consisting of the original note and security deed, in good faith.

63. As a proximate result of Defendants' breaches, Plaintiffs have suffered compensatory damages in an amount to be proven at trial.

64. . Alternatively, if the note and Security Deed was validly and properly assigned to the Defendants, the Defendants did not act in good faith and did not deal fairly with Plaintiffs in connection with the note and Security Deed when they refused to properly apply the 2010 to 2012 payments to the loan and thereafter attempted to foreclose on the Subject Property even though Plaintiffs provided proof of payments for the allegedly skipped months and thereafter refused to resolve the mistake with Plaintiffs in an equitable fashion.

## NINE CAUSE FOR ACTION

## UNJUST ENRICHMENT

65. Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 66, inclusive, as though fully set forth herein.

67. By their wrongful acts and omissions, the Defendants have been unjustly enriched at the expense of Plaintiffs, and thus Plaintiffs have been unjustly deprived.

68. By reason of the foregoing, Plaintiffs seek restitution from the Defendants, and an order of this Court disgorging all profits, benefits, and other compensation obtained by the Defendants from their wrongful conduct.

## TEN CAUSE FOR ACTION

1610 Young Road-Final
Lithonia, Georgia

## RACKETEERING ACTIVITY

## PARTIAL LIST OF RICO PREDICATE ACTS

69.    Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 72 inclusive, as though fully set forth herein.

**70.** Defendants have shown a pattern and practice of fraud of more than two underlying felonies. ., prohibits acts of unfair competition, which means and includes any "fraudulent business act or practice . . ." and conduct which is "likely to deceive" and is "fraudulent" within meaning of felony.

71.    As more fully described above, the Defendants' acts and practices are likely to deceive, constituting a fraudulent business act or practice. This conduct is ongoing and continues to this date.

73  Specifically, the enjoined Defendants engage in deceptive business practices with respect to mortgage loan servicing, assignments of notes and deeds of trust, foreclosure of residential properties and related matters by

(a) Assessing improper or excessive late fees

(b) Improperly characterizing customers' accounts as being in default or delinquent status to generate unwarranted fees;

(c) Instituting improper or premature foreclosure proceedings to generate unwarranted fees;

(d) Misapplying or failing to apply customer payments;

1610 Young Road-Final
Lithonia, Georgia

(e) Failing to provide adequate monthly statement information to customers regarding the status of their accounts, payments owed, and/or basis for fees assessed;

(f) Seeking to collect, and collecting, various improper fees, costs and charges, that are either not legally due under the mortgage contract, or that are in excess of amounts legally due;

(g) Mishandling borrowers' mortgage payments and failing to timely or properly credit payments received, resulting in late charges, delinquencies or default;

(h) Treating borrowers as in default on their loans even though the borrowers have tendered timely and sufficient payments or have otherwise complied with mortgage requirements

(i) Failing to disclose the fees, costs and charges allowable under the mortgage contract;

(j) Ignoring grace periods;

(k) Executing and recording false and misleading documents; and

(l) Acting as beneficiaries and trustees without the legal authority to do so.

74.     The Defendants fail to act in good faith as they take fees for services but do not render them competently and in compliance with applicable law.

75.     Moreover, the RICO Defendants engage in a uniform pattern and practice of unfair and overly-aggressive servicing that result in the assessment of unwarranted and unfair fees against Georgia consumers, and premature default often resulting in unfair and illegal foreclosure

proceedings. The scheme implemented by the RICO Defendants is designed to defraud Georgia consumers and enrich the RICO Defendants.

76.     The foregoing acts and practices have caused substantial harm to Georgia consumers.

77.     As a direct and proximate cause of the unlawful, unfair and fraudulent acts and practices of the RICO Defendants, Plaintiffs and Georgia consumers have suffered and will continue to suffer damages in the form of unfair and unwarranted late fees and other improper fees and charges.

78.     By reason of the foregoing, Defendants have been unjustly enriched and should be required to disgorge their illicit profits and/or make restitution to Plaintiffs and other GEORGIA consumers who have been harmed, and/or be enjoined from continuing in such practices pursuant RICCO 1) that an enterprise existed; (2) that the enterprise affected interstate commerce; (3) that the defendant was associated with or employed by the enterprise; (4) that the defendant engaged in a pattern of racketeering activity; and (5) that the defendant conducted or participated in the conduct of the enterprise through that pattern of racketeering activity through the commission of at least two acts of racketeering activity.

79.     During the ten (10) calendar years preceding October 06, 2005 *A.D.*, all Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. 1962(c) (Prohibited activities).

80.     Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to

Page16

1610 Young Road-Final
Lithonia, Georgia

threaten continuity, *i.e.* a continuing threat of their respective *racketeering activities*, also in violation of the RICO law at 18 U.S.C. 1962(c) *supra.*

81. Pursuant to 84 Stat. 947, Sec. 904, Oct. 15, 1970, the RICO laws itemized above are to be *liberally* construed by this honorable Court.

## ELEVEN CAUSE FOR ACTION

## QUIET TITLE

## (AS TO DEFENDANTS; ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFFS' TITLE, OR ANY CLOUD ON PLAINTIFFS' TITLE THERETO; AND DOES 1 THROUGH)

82. Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through84, inclusive, as though fully set forth herein.

83. Plaintiffs are the equitable owners of the Subject Property which has the following legal description: (SEE ATTACHED)

84.. Plaintiffs seek to quiet title against the claims of Defendants US Bank ; ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO; and DOES 1 through 20 (collectively referred to herein as the "Title Defendants") as the Title Defendants hold themselves out as entitled to fee simple ownership of the Subject Property by and through their purchase of the property at the trustee's sale held on or about May 4, 2009. In fact, the

1610 Young Road-Final
Lithonia, Georgia

Title Defendants had no right to title or interest in the Subject Property and no right to entertain any rights of ownership including the right to foreclosure, offering the Subject Property for sale at a trustee's sale, demanding possession or filing cases for unlawful detainer. Nevertheless, the Title Defendants attempted to proceed with a non-judicial foreclosure sale, through OCWEN as servicer, illegally and with unclean hands. Plaintiffs are willing to tender the amount received subject to equitable adjustment for the damage caused to the Plaintiffs by the Title Defendants' activities.

## TWELEVE CAUSE OF ACTION FOR

## SLANDER OF TITLE

85. Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 85. inclusive, as though fully set forth herein.

86.. Pursuant to, among others, only the beneficiary of a Deed of Trust or a beneficiary's assignee or the agent of a beneficiary or its assignee may cause to be recorded against real property either a Notice of Default or a Notice of Trustee's Sale.

87. OCWEN purportedly but falsely acting as either the trustee or the agent of the beneficiary of the Deed of Trust or the agent of WELLS FARGO Bank N.A. wrongfully and without privilege, caused a Notice of Default to be recorded against the Subject Property.

88.. Later, OCWEN , again purportedly but falsely acting as either the trustee or the agent of the beneficiary of the Security Deed or the agent of WELLS FARGO Bank N.A. TRUSTEE , wrongfully and without privilege, caused a Notice of Trustee's Sale to be recorded against the Subject Property.

1610 Young Road-Final
Lithonia, Georgia

89.     None of the RICO Defendants, whether jointly or severally, were ever a trustee,
beneficiary or assignee of any beneficiary of any Deed of Trust recorded against the Subject
Property. Accordingly, they wrongfully caused the filing of the Notice of Default, Notice of
Trustee's Power of Sale against the Subject Property.

        90      Defendants , wrongfully and without privilege, has published matters or caused
matters to be published that they are the current owners of the Subject Property which is untrue
and disparaging to Plaintiffs' interest in the Subject Property.

        91.     By doing the acts described above, the Defendants have slandered Plaintiffs' title
to the Subject Property.

        92.     In that the conduct and acts of the Defendants violated, among others,

such conduct and acts were not privileged.

   93. The conduct of the RICO Defendants caused Plaintiffs to suffer general and special
damages in an amount to be proven at trial.

   94. Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 94
inclusive, as though fully set forth herein.

        95      By their wrongful acts and omissions, the RICO Defendants have been unjustly
enriched at the expense of Plaintiffs, and thus Plaintiffs have been unjustly deprived.

        96.     By reason of the foregoing, Plaintiffs seek restitution from the RICO Defendants,
and an order of this Court disgorging all profits, benefits, and other compensation obtained by
the RICO Defendants from their wrongful conduct.

Page19

1610 Young Road-Final
Lithonia, Georgia

97.     Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 97, inclusive, as though fully set forth herein.

**98.     Specifically, the RICO Defendants engage in deceptive business practices with respect to mortgage loan servicing, assignments of notes and deeds of trust, foreclosure of residential properties and related matters by**

(a)  Assessing improper or excessive late fees;

(b)  Improperly characterizing customers' accounts as being in default or delinquent status to generate unwarranted fees;

(c)  Instituting improper or premature foreclosure proceedings to generate unwarranted fees;

(d)  Misapplying or failing to apply customer payments;

(e)  Failing to provide adequate monthly statement information to customers regarding the status of their accounts, payments owed, and/or basis for fees assessed;

(f)  Seeking to collect, and collecting, various improper fees, costs and charges, that are either not legally due under the mortgage contract or Georgia law, or that are in excess of amounts legally due;

(g)  Mishandling borrowers' mortgage payments and failing to timely or properly credit payments received, resulting in late charges, delinquencies or default;

1610 Young Road-Final
Lithonia, Georgia

      (h) Treating borrowers as in default on their loans even though the borrowers have tendered timely and sufficient payments or have otherwise complied with mortgage requirements or Georgia law;

      (i) Failing to disclose the fees, costs and charges allowable under the mortgage contract;    (j) Ignoring grace periods;

      (k) Executing and recording false and misleading documents; and

      (l) Acting as beneficiaries and trustees without the legal authority to do so.

    99. The RICO Defendants fail to act in good faith as they take fees for services but do not render them competently and in compliance with applicable law.

    100.. Moreover, the RICO Defendants engage in a uniform pattern and practice of unfair and overly-aggressive servicing that result in the assessment of unwarranted and unfair fees against Georgia consumers, and premature default often resulting in unfair and illegal foreclosure proceedings. The scheme implemented by the RICO Defendants is designed to defraud Georgia consumers and enrich the RICO Defendants.

    101. The foregoing acts and practices have caused substantial harm to consumers.

    102. As a direct and proximate cause of the unlawful, unfair and fraudulent acts and practices of the RICO Defendants, Plaintiffs and Georgia consumers have suffered and will continue to suffer damages in the form of unfair and unwarranted late fees and other improper fees and charges.

    103. By reason of the foregoing, the RICO Defendants have been unjustly enriched and should be required to disgorge their illicit profits and/or make restitution to Plaintiffs and

1610 Young Road-Final
Lithonia, Georgia

other Georgia consumers who have been harmed, and/or be enjoined from continuing in such

practices pursuant to fraud, illegal collection of debt. Additionally, Plaintiffs are therefore

entitled to injunctive relief and attorney's fees as available.

### THIRTEEN CAUSE OF ACTION FOR

### QUIET TITLE

### (AS TO DEFENDANTS; ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFFS' TITLE, OR ANY CLOUD ON PLAINTIFFS' TITLE THERETO; AND DOES 1 THROUGH 20)

104    Plaintiffs incorporate herein by reference the allegations made in paragraphs 1

through 106, inclusive, as though fully set forth herein.

107.    Plaintiffs are the equitable owners of the Subject Property which has the

following legal description:    see attached.

108.    Plaintiffs seek to quiet title against the claims of Defendants US Bank ; ALL

PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE,

ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT

ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTIFF'S TITLE

THERETO; and DOES 1 through 20 (collectively referred to herein as the "Title Defendants") as

the Title Defendants hold themselves out as entitled to fee simple ownership of the Subject

Property by and through their purchase of the property at the trustee's sale held on or about May

4, 2009. In fact, the Title Defendants had no right to title or interest in the Subject Property and

1610 Young Road-Final
Lithonia, Georgia

no right to entertain any rights of ownership including the right to foreclosure, offering the

Subject Property for sale at a trustee's sale, demanding possession or filing cases for unlawful

detainer. Nevertheless, the Title Defendants tried to proceed with a non-judicial foreclosure

sale, illegally and with unclean hands. Plaintiffs are willing to tender the amount received

subject to equitable adjustment for the damage caused to the Plaintiffs by the Title Defendants'

activities.

109.. In October 2005, Plaintiffs executed the Security Deed which named OPTION

ONE MORTGAGE. Later, IN 2012, 2015, WELLS FARGO BANK N.A. TRUSTEE, et. al

attempted to foreclose on the Subject Property. An "agent" without evidence of power of

attorney or contract as to who the agent is really representing, but did he/she signed the Notice of

Default . Thus, the trustee and beneficiary failed to follow the statutory rules for a valid

foreclosure under the O.C.G.A. Code and it is, therefore, void.

110. Plaintiffs seek to quiet title.. Plaintiff seeks a judicial declaration that the title to

the Subject Property is vested in Plaintiffs alone and that the Title Defendants and each of them

be declared to have no interest estate, right, title or interest in the subject property and that the

Title Defendants, their agents and assigns, be forever enjoined from asserting any estate, right

title or interest in the Subject Property subject to Plaintiffs' rights.

## FOURTEEN CAUSE OF ACTION FOR

## SLANDER OF TITLE

111. Plaintiffs incorporate herein by reference the allegations made in paragraphs 1

through 112, inclusive, as though fully set forth herein. .

1610 Young Road-Final
Lithonia, Georgia

115.    Agent Totten without evidence of proper authority  purportedly but falsely acting as either the trustee or the agent of the beneficiary of the Security Deed or the agents of Defendants wrongfully and without privilege, caused a Notice of Default to be recorded against the Subject Property.

116.    None of the RICO Defendants, whether jointly or severally, were ever a trustee, beneficiary or assignee of any beneficiary of the Security Deed (which only names OPTION ONE MORTGAGE) recorded against the Subject Property. No documentation exist that proves OPTION ONE MORTGAGE ever assigned the note and/or deed to WELLS FARGO BANK N.A. TRUSTEE et. al. Rather, the assignments recorded by RoBo Signers and unverified Servicers provide evidence of the fraud.  Accordingly, they wrongfully caused the recording of the Notice of Default, Notice of Trustee's Sale against the Subject Property.

117 . WELLS FARGO BANKN.A. TRUSTEE et.al wrongfully and without privilege, has published matters or caused matters to be published that they are the current owners of the note and mortgage of Subject Property which is untrue and disparaging to Plaintiffs' interest in the Subject Property.

118.    By doing the acts described above, the RICO Defendants have slandered Plaintiffs' title to the Subject Property.

119.    In that the conduct and acts of the RICO Defendants violated, among others, Plaintiffs rights such conduct and acts were not privileged.

120.    The conduct of the RICO Defendants caused Plaintiffs to suffer general and special damages in an amount to be proven at trial.

Page24

1610 Young Road-Final
Lithonia, Georgia

## FIFTHTEEN CAUSE OFACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

121. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though full set herein. 121

122. The actions of the Defendants as set forth herein, have resulted with the Plaintiffs being threatened with the loss of their property.

123. The outcome has been created without any right or privilege on the part of the Defendants and as such their actions constitute outrageous and reckless conduct revealing pattern and practice of two more racketeering actions.

124. Defendants conduct fraudulently attempting to foreclosure or claiming the right to foreclose in which they have no right, title or interest.

125. Defendants and their agents have inflicted intentional emotional distress upon the

plaintiffs.

126. The Defendants predicated actions have directly related and resulted in a physical stroke

and disabled the plaintiff to continual medication and certain body restrictions.

127. By the Defendants predicated actions over a lengthy period of time has caused stress and

Re occurence of cancer.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for judgment against the Defendants and each of them, jointly

and severally, as follows:

1. For a declaration of the rights and duties of the parties, specifically that the

attempts of foreclosure of Plaintiffs' residence was wrongful.

2. For issuance of an Order canceling all Trustee's Power of Sale.

3. To vacate the Trustee's Notice of Default.

1610 Young Road-Final
Lithonia, Georgia

    4.     To cancel the Security Deed and release all liens.

    5.     To quiet title in favor of Plaintiff and against Defendants.

    6.     For compensatory, special, general and punitive damages according to proof against all Defendants.

    7.     Pursuant to RICO law  that all Defendants, their successors, agents, representatives, employees, and all persons who act in concert with them be permanently enjoined from committing any acts of unfair competition in RICO violation, including, but not limited to, the violations alleged herein.

    8.     For civil penalties pursuant to statute, restitution, injunctive relief and reasonable attorneys fees according to proof.

    9.     For reasonable costs of suit and such other and further relief as the Court deems proper.  When seeking to obtain the judgment and corresponding Judges must provide Finding of Fact and Conclusion of Law Proper.

Submitted by: Janette Bowen

Janette P. Bowen, Secured Party Creditor, from Office of Executor of Bowen Estate

4030 Weelaunee Road, Ellenwood, GA 30294

*Mailing certification*

*I certify that I will have this complaint served to all list parties on or before _ l l _ March, 2016.*

_____*Janette P. Bowen, all rights reserved per UCC 1-308*

Page26